# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jessica Rockwell, Rosa Acosta, Stephanie Rao, and Yodit Yemane,<br><br>Plaintiffs,<br><br>v.<br><br>Ahdream Entertainment, LLC dba Eve Lounge and Thomas Holmes,<br><br>Defendants. | **Civil Action No.**<br>**Judge**<br>**Mag. Judge** |

## COMPLAINT AND JURY DEMAND

Plaintiffs Jessica Rockwell, Rosa Acosta, Stephanie Rao, and Yodit Yemane (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint and Jury Demand, respectfully allege, based on personal knowledge as to facts relating to themselves and upon investigation of counsel for all other allegations, against Ahdream Entertainment LLC ("Ahdream") doing business as Eve Lounge in Milwaukee, Milwaukee County, Wisconsin (the "Club"), and Thomas Holmes ("Holmes") (Ahdream and Holmes collectively "Defendants") as set forth below:

## I. BACKGROUND

1. This case is about unauthorized commercial use of four professional models' likenesses and advertising ideas in advertisements for a business.

2. Defendants' wrongful conduct, as further described below, gives rise to Plaintiffs' claims against Defendants under the federal Lanham Act, 15 U.S.C. § 1125(a), under Wisconsin statutory and common law, and under principles of equity, entitling Plaintiffs to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege Defendants violated the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this under 28 U.S.C. § 1391 because Defendants are in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

## III. PARTIES

### A. Plaintiffs

6. Plaintiff Jessica Rockwell resides in California and has a commercial interest in her own image from her professional modeling work.

7. Plaintiff Rosa Acosta resides in California and has a commercial interest in her own image from her professional modeling work.

8. Plaintiff Stephanie Rao resides in California and has a commercial interest in her own image from her professional modeling work.

9. Plaintiff Yodit Yemane resides in California and has a commercial interest in her own image from her professional modeling work.

**B. The Club and Defendants**

10. "Eve Lounge," also known as "Eve MKE" or "Eve Lounge MKE" or "Eve Lounge Milwaukee," (hereinafter the "Club") is located at 6222 W. Fond Du Lac Ave., Milwaukee, WI 53218.

11. The Club describes itself as "The perfect place for great vibes, great drinks, great food and smooth hookahs."

12. Defendant Ahdream Entertainment LLC ("Ahdream") is a Wisconsin limited liability company entity identification number A081493.

13. Ahdream's registered agent is Thomas Holmes.

14. On information and belief Defendant Thomas Holmes ("Holmes") resides in Wisconsin and is the owner of, and primary digital content creator for, Ahdream and the Club, and personally promotes the Club on his own social media.

15. Holmes describes himself on social media as a "Digital creator."

16. Ahdream held or holds Class "B" beer and "Class B" liquor licenses for the Club under the business name "Eve Dining."

17. On information and belief, Defendants own, operate, and manage the Club.

18. As the owners, operators, and managers of the Club, Defendants are responsible for the advertisements used by the Club's own officers, managers, employees, agents, affiliates, or independent contractors to promote the Club.

## IV. GENERAL ALLEGATIONS

19. Each Plaintiff is a well-known professional model who has earned compensation by commercializing her image, identity, and likeness (collectively, each Plaintiff's "Image") through numerous professional modeling photoshoots for many business endeavors, including the advertisement and promotion of both herself as a model and of third parties' products and services through negotiated, arms-length transactions with third-party commercial brands that wish to use that Plaintiff's Image for advertising.

20. Each Plaintiff uses her Image as her overall brand and trade dress for her herself as a professional model.

21. Each Plaintiff's Image constitutes the total overall look of each Plaintiff and identifies each Plaintiff to consumers generally as well as to potential advertising clients who may wish to pay such Plaintiff for modeling services.

22. Each Plaintiff offers potential advertisers who wish to hire that Plaintiff a distinct advertising idea: if you use my Image and the inherently distinct and unique way I look in an advertisement for your product or service, you will bring increased attention and business to your product or service.

23. Each Plaintiff trades on her Image and advertising idea to bring attention to the publications, products, brands, and services she chooses to affiliate with, uses social media to enhance her own brand, and exercises control over the use of her Image and advertising idea by third parties by vetting the reputation, brand, and type of goods or services advertised by any potential third party client prior to authorizing the use of her Image and advertising idea by that client.

24. Each Plaintiff places a high degree of value on her goodwill and reputation, including her ability to control which clients she chooses to work with, so that she can maximize her earning potential, book modeling contracts, offer exclusivity, and maintain control of her own individual brand, and thus, Plaintiffs are necessarily selective concerning the companies and brands for which they model.

25. Each Plaintiff is not a "stock imagery" model whose Image can be licensed for commercial use without the Plaintiff's prior consent.

26. Unauthorized commercial use of each Plaintiff's Image deprives that Plaintiff of the fair market value compensation she would have otherwise earned for authorized commercial use of her Image in an advertisement, infringes each

Plaintiff's trade dress, misappropriates each Plaintiff's advertising idea, takes away her control, and further diminishes, defames, and disparages the goodwill and reputation she has built, and the amount of future compensation she can command, for the licensed or authorized commercial use of her Image.

27. Defendants use, among other things, pictures of women to promote, advertise, and market the Club, solicit customers for the Club, and imply endorsements of the Club, both directly and through various promoters, including through posts on various social media pages.

28. Defendants are ultimately responsible for the advertising content posted by or on behalf of the Club on the Club's own social media pages through the Club's officers, managers, employees, agents, or independent contractors or on the social media pages of those promoters with whom Defendants choose to work to increase business at the Club.

29. Defendants' social media pages for the Club include at least the Facebook accounts https://www.facebook.com/eveloungemke/ and https://www.facebook.com/thomas.holmes.79827/ as well as the Instagram accounts https://www.instagram.com/eveloungemke/ and https://www.instagram.com/thomasholmes2710/ (the "Social Media Accounts").

30. As of October 2026, Defendants had over 8,600 combined social media followers for their Social Media Accounts for the Club.

31. Multiple posts on the Social Media Accounts advertising the Club, or on affiliated promoter accounts advertising the Club, (hereinafter the "Offending Advertisements") use and alter, without payment or permission, photographs of one or more of the Plaintiffs in this action and further infringe the trade dress of such Plaintiff and misappropriate the advertising idea of such Plaintiff.

32. Such Offending Advertisements make it appear that each Plaintiff worked at, endorsed, was associated with, was affiliated with, or allowed use of her Image to advertise the Club, however each Plaintiff does not work at, has not endorsed, is not associated with, is not affiliated with, and has not allowed use of her Image by or for the Club.

33. The Offending Advertisements disparage each Plaintiff and her modeling services by taking away her ability to choose which advertisers use her Image and forcing an association between each Plaintiff and the Club.

34. The Offending Advertisements show a false connection between each Plaintiff and the Club, devaluing each Plaintiff's own brand and services, and further falsely imply that Plaintiff may be at the Club in some capacity.

35. The Offending Advertisements and the related misappropriations of each Plaintiff's Image, Trade Dress, and Advertising Idea by or for Defendants occurred without any Plaintiff's knowledge, consent, or authorization.

36.Examples of Offending Advertisements at issue using Plaintiff Yodit Yemane’s Image and advertising idea are as follows:












37. An example of an Offending Advertisement at issue using Plaintiff Jessica Rockwell's Image and advertising idea is as follows:




38. An example of an Offending Advertisement at issue using Plaintiff Rosa Acosta's Image and advertising idea is as follows:



39. An example of an Offending Advertisement at issue using Plaintiff Stephanie Rao’s Image and advertising idea is as follows:




40. The Offending Advertisements (including the examples listed above) remain posted live online on the Social Media Accounts and constitute continuing and ongoing violations of each Plaintiff’s rights.

41. Defendants’ ongoing use of each Plaintiff’s Image and advertising idea in the Offending Advertisements without payment or permission damages and harms each Plaintiff by depriving her of payment to which she would have been entitled for a licensed use of her Image, by disparaging her brand and reputation, by taking away her ability to offer other advertisers exclusivity, by taking away her ability to control commercial use of her own Image, by disparaging that Plaintiff’s modeling work and services including as a “non-stock” model, and by disparaging that Plaintiff’s

professional and personal reputation as someone unaffiliated with Defendants' business.

## V. <u>CLAIMS FOR RELIEF</u>

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* subsections (a)(1)(A) and (a)(1)(B)

42. Plaintiffs re-state and re-allege paragraphs 1 through 41 above and incorporate the same by reference as though fully set forth herein.

43. Each Plaintiff brings this claim against Defendant Ahdream, and Plaintiff Yodit Yemane also brings this claim against Defendant Thomas Holmes.

44. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

45. Defendant Ahdream is liable to all Plaintiffs, and Defendant Holmes is liable to Plaintiff Yemane, for violations of subsections 1125(a)(1)(A) (the "false association" or "false endorsement" subsection) and 1125(a)(1)(B) (the "false advertising" subsection) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

46. Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

47. Each Plaintiff has appeared in numerous authorized advertising campaigns and has her own social media following.

48. Each Plaintiff earns or has earned compensation by commercializing her own Image and advertising idea for use by reputable brands and services through arms-length negotiated transactions.

49. Each Plaintiff possesses a valid and protectable interest in her own Image eligible for protection under 15 U.S.C. § 1125(a)(1).

50. Each Plaintiff's Image is her trade dress for her own modelling services.

51. Each Plaintiff has possessed, maintained, and safeguarded her exclusive right to control the use of her own Image.

52. Prior to authorizing the use of her Image by a third-party potential client, each Plaintiff carefully considers the reputation of that potential client and the good or service being promoted.

53. Each Plaintiff did not authorize Defendant Ahdream's or Holmes' use of that Plaintiff's Image, nor did Plaintiffs grant anyone else authority to authorize Defendants' use of any Plaintiff's Image.

54. Defendant Ahdream is responsible for the use of each Plaintiff's Image in the Offending Advertisements, and Defendant Holmes is also responsible for at least the use of Plaintiff Yemane's Image in certain Offending Advertisements.

55. Defendant Ahdream used each Plaintiff's Image, and Defendant Holmes used Plaintiff Yemane's Image, in Offending Advertisements without consent, license, authorization, or legal right.

56. Defendant Ahdream's unauthorized use of each Plaintiff's Image, and Defendant Holmes' use of Plaintiff Yemane's Image, is ongoing and continuing as of the date of this Complaint.

57. In the Offending Advertisements, Plaintiffs are depicted and readily identifiable.

58. Defendant Ahdream's unauthorized use of each Plaintiff's Image, and Defendant Holmes' unauthorized use of Plaintiff Yemane's Image, in Offending Advertisements for the Club creates the false impression that Plaintiffs are affiliated

with, associated with, have endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club.

59. Plaintiffs, however, have never been employed by, performed at, or affiliated themselves in any way with the Club or either Defendant.

60. Plaintiffs would not agree to allow their Image to be used to promote the Club in advertisements without being asked for permission first and without receiving at least fair market value compensation for the use of her Image, Trade Dress, and Advertising Idea.

61. Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, placed, or participated in causing to be placed, the Offending Advertisements on some of the very same social media marketing channels used in interstate commerce by each Plaintiff to promote both herself and the third-party brands, products, and services each Plaintiff chooses to work with.

62. Defendant Ahdream's unauthorized use of each Plaintiff's Image in the Offending Advertisements, and Defendant Holmes' unauthorized use of Plaintiff Yemane's Image in certain Offending Advertisements, is likely to cause confusion as to each Plaintiff's association with, affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

63. On information and belief, Defendants' unauthorized use has caused actual confusion among advertisers (including Defendants themselves) and consumers as

to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's activities.

64. Defendants knew or should have known that they had no right to use Plaintiffs Images to promote or advertise the Club.

65. Defendants knew or should have known that obtaining the right to use Plaintiffs' Images would have required consent and substantial compensation.

66. Defendants' unauthorized use of Plaintiffs' Images without seeking their consent under these circumstances constitutes willful and deliberate conduct, or, in the alternative, Defendants recklessly or negligently failed to exercise reasonable care by failing to ensure that Defendants only used content in its advertisements that Defendants had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of persons' Images in advertisements for the Club.

67. As a direct and proximate result of Defendants' actions as described herein, the Club enjoyed increased revenues and profits subject to disgorgement.

68. As direct and proximate result of Defendants' actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized or licensed use of her Image, and harm to Plaintiffs' goodwill and

reputation, including their modeling goods and services, which has been disparaged and defamed by Defendants' conduct, all in an amount to be established at trial.

69. Based on the foregoing, all Plaintiffs demand judgment against Defendant Ahdream, and Plaintiff Yemane demands judgment against Defendant Holmes, on their respective Lanham Act claims and entry of an order awarding them damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## COUNT II
## Violation of Plaintiffs' Common Law of Right of Publicity

70. Plaintiffs re-state and re-allege paragraphs 1 through 41 above and incorporate the same by reference as though fully set forth herein.

71. Each Plaintiff brings this claim against Defendant Ahdream, and Plaintiff Yemane also brings this claim against Defendant Holmes.

72. Each Plaintiff's Image is an element of that Plaintiff's identity.

73. Each Plaintiff's Image has significant commercial value as a result of each Plaintiff's professional modeling work.

74. Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, published, posted, displayed, and/or otherwise publicly used or caused to be used such Plaintiff's Images on the Social Media without that Plaintiff's consent for the purposes of trade and commercial advertising, including,

but not limited to, promoting, advertising, marketing, and implying endorsement of the Club and the Club's events and activities.

75. Accordingly, Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of Plaintiffs without consent or legal right.

76. Each Plaintiff is clearly visible and readily identifiable and distinguishable in the Offending Advertisements in which Defendant Ahdream and/or Defendant Holmes used her Image.

77. Each Plaintiff never consented to, authorized, licensed, or otherwise permitted any Defendants' use of her Image for any purpose.

78. Defendants did not use Plaintiffs' Images in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

79. Defendants did not use Plaintiffs' Images primarily for the purpose of communicating information or expressing ideas, rather, Defendants used each Plaintiffs' Images primarily for the purpose of commercially advertising the Club.

80. Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, acted intentionally in using such Plaintiff's Image, and, knowing they did not have permission to use the Images, posted the Offending

Advertisements containing Plaintiffs' respective Images to the Social Media Accounts or allowed the Offending Advertisements to be posted on affiliated promoters' accounts, all to market the Club and its activities and events without the authorization of each Plaintiff, appropriating for Defendants' own benefit the Image of such Plaintiff.

81. In the alternative, Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, acted with reckless disregard as to such Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of Plaintiffs' Images in the Offending Advertisements on the Social Media Accounts or on promoter accounts for the purpose of marketing, advertising, promoting, and implying endorsement of the Club and its activities.

82. In the alternative, Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, acted negligently in permitting, allowing, or condoning the use of each Plaintiff's Image on its Social Media Accounts or on promoter accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendants' Club and its activities.

83. Defendants knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a person's Image for Defendants' commercial benefit.

84. Nonetheless, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

85. Defendants' unauthorized use, alteration, and appropriation of Plaintiffs' Images has and will continue to directly and proximately damage Plaintiffs, their reputations, and their brands by attributing to Plaintiffs a false association with, involvement with, or endorsement of the Club and the Club's activities, and by disparaging Plaintiffs' modeling work and services.

86. As a direct and proximate result of Defendant Ahdream's unauthorized use of each Plaintiff's Image, and Defendant Holmes' unauthorized use of Plaintiff Yemane's Image, Defendants damaged Plaintiffs by failing to compensate them for the fair market value for the right to use her Image, and by causing harm to Plaintiffs' goodwill and reputation, including their modeling goods and services, which have been disparaged and defamed by Defendants' conduct.

87. As a direct and proximate result of Defendants' unauthorized use, Defendants have earned and withheld profits attributable directly or indirectly to Defendants' unlawful use of each Plaintiffs' Images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

88.Based on the foregoing, all Plaintiffs demand judgment against Defendant Ahdream, and Plaintiff Yemane demands judgment against Defendant Holmes, on their respective common law right of publicity claims and entry of an order awarding them damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT III**
**Violation of Plaintiffs' Common Law of Right of Privacy – Appropriation**

89.Plaintiffs re-state and re-allege paragraphs 1 through 41 above and incorporate the same by reference as though fully set forth herein.

90.Each Plaintiff brings this claim against Defendant Ahdream, and Plaintiff Yemane brings also brings this claim against Defendant Holmes.

91.Plaintiffs restate and re-allege paragraphs 72-87 herein, as a common law right of privacy – appropriation claim is identical to a common law right of publicity claim but for the inclusion within a common law right of privacy – appropriation claim of an additional element of recoverable damages for harm to each Plaintiff's personal, as opposed to solely commercial, interests, and Defendants' conduct harmed Plaintiffs not only professionally but also personally by associating them with a business with which she did not want to be associated.

92.Based on the foregoing, all Plaintiffs demand judgment against Defendant Ahdream, and Plaintiff Yemane demands judgment against Defendant Holmes, on their respective common law right of privacy appropriation claims and entry of an

order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT IV**
**Misappropriation of Advertising Idea**

93. Plaintiffs re-state and re-allege paragraphs 1 through 41 above and incorporate the same by reference as though fully set forth herein.

94. Each Plaintiff brings this claim against Defendant Ahdream, and Plaintiff Yemane also brings this claim against Defendant Holmes.

95. Each Plaintiff is the owner of a distinct and unique advertising idea: if you use my Image in your advertisement, you can increase exposure and ultimately business.

96. Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, misappropriated Plaintiffs' advertising ideas by using or allowing the use of such Plaintiff's Image in the Offending Advertisements promoting the Club for Defendants' own benefit without first obtaining permission from, or making any payment to, such Plaintiffs for the use of their advertising idea.

97. As a direct and proximate result of Defendant Ahdream's with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, unauthorized use of such Plaintiff's advertising idea, Defendants have damaged Plaintiffs by failing to compensate them for the right to use their advertising ideas in an amount to be determined at trial.

98. Based on the foregoing, all Plaintiffs demand judgment against Defendant Ahdream, and Plaintiff Yemane demands judgment against Defendant Holmes, on their respective common law misappropriation of advertising idea claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT V**
**Common Law Negligence**

99. Plaintiffs re-state and re-allege paragraphs 1 through 41 above and incorporate the same by reference as though fully set forth herein.

100. Each Plaintiff brings this claim against Defendant Ahdream.

101. Defendant Ahdream was negligent in its failure to supervise its managers, employees, contractors, agents, or promoters, and further negligent in its failure promulgate policies and procedures, with respect to the use of only photographs of persons in advertising on the Social Media Accounts or elsewhere for which Defendant Ahdream had legal right and authority.

102. Defendant Ahdream's negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages each Plaintiff suffered when Defendant Ahdream used and published each Plaintiff's Image in Offending Advertisements on the Social Media Accounts or elsewhere, defaming and disparaging Plaintiffs and their reputations and brands, without permission or payment.

103. In the alternative, even if Defendant Ahdream promulgated policies and procedures concerning use of only such images in advertising on the Social Media Accounts or elsewhere for which Defendant Ahdream had legal right and authority, Defendant Ahdream nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, contractors, agents, or promoters, and failed to exercise reasonable supervision of managers, employees, contractors, agents, or promoters.

104. In addition, Defendant Ahdream had a duty to exercise reasonable care in refraining from appropriating the images and advertising ideas of individuals from whom Defendant Ahdream lacked permissions, consent, or license, and breached that duty by its negligent hiring, screening, retaining, supervising, and/or training of its managers, employees, agents, contractors, and promoters involved in advertising activities for the Club.

105. As a direct and proximate result of Defendant Ahdream's negligence as alleged herein, Plaintiffs have suffered damages and demand judgment against Defendant Ahdream on Plaintiffs' negligence claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT VI**
**Violations of Wisconsin Statute § 995.50**
**Statutory Invasion of Right of Privacy**

106. Plaintiff Yodit Yemane re-states and re-alleges paragraphs 1 through 41 above and incorporate the same by reference as though fully set forth herein.

107. Plaintiff Yemane brings this claim against Defendant Ahdream and Defendant Holmes.

108. Wisconsin Statutes § 995.50 provides in part as follows:

> (1) The right of privacy is recognized in this state. One whose privacy is unreasonably invaded is entitled to the following relief:
>
> > (a) Equitable relief to prevent and restrain such invasion, excluding prior restraint against constitutionally protected communication privately and through the public media;
> >
> > (b) Compensatory damages based either on plaintiff's loss or defendant's unjust enrichment; and
> >
> > (c) A reasonable amount for attorney fees.
>
> (2) (am) In this section, "invasion of privacy" means any of the following:…
>
> > (2) The use, for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person, without having first obtained the written consent of the person or, if the person is a minor, of his or her parent or guardian.

109. Plaintiff Yemane is a living person.

110. Defendants used and continue to use Plaintiff Yemane's portrait or picture for advertising purposes or for purposes of trade.

111. Specifically, Defendants used and continue to use Plaintiff Yemane's Image in advertisements for the Club posted by or on behalf of Defendants on social media so that Defendants could profit from patronage of the Club as described in detail herein.

112. Defendants' use of Plaintiff Yemane's Image did not occur in connection with the dissemination of news and was without redeeming public interest or historical value.

113. There is a substantial connection between Defendants' use of Plaintiff Yemane's Image in Defendants' advertisements for the Club and Defendants' commercial purpose as Plaintiff Yemane's Image draws consumer attention.

114. Defendants did not first obtain, nor have Defendants ever obtained, the written consent of Plaintiff Yemane to use her portrait, picture, image, or likeness for any purpose, including but not limited to for advertising purposes or for purposes of trade.

115. Defendants invaded Plaintiff Yemane's statutory rights of privacy through the acts set forth above and herein.

116. As a direct and proximate result of Defendants' actions as described herein, Defendants enjoyed increased revenues and profits.

117. As direct and proximate result of Defendants' actions as described herein, Plaintiff Yemane suffered actual damages including but not limited to being

deprived of the fair market value of the various unauthorized uses by Defendants of Plaintiff Yemane's own Image and harm to Plaintiff Yemane's goodwill and reputation, all in amounts to be established at trial.

118. Based on the foregoing, Plaintiff Yemane demands judgment against Defendants on her statutory claims and entry of an order awarding Plaintiff Yemane damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT VII
## Unjust Enrichment

119. Plaintiffs re-state and re-allege paragraphs 1 through 37 above and incorporate the same by reference as though fully set forth herein.

120. Each Plaintiff brings this claim against Defendant Ahdream, and Plaintiff Yemane also brings this claim against Defendant Holmes.

121. As previously alleged, Defendant Ahdream with respect to all Plaintiffs, and Defendant Holmes with respect to Plaintiff Yemane, used and continues to use such Plaintiff's Image to advertise and promote the Club and its activities, thereby driving customers, business, and revenue to the Club, and thereby, Plaintiffs conferred a benefit on Defendants.

122. Defendants knew or should have known that they benefited from the use of Plaintiffs' Images as is evident from the fact that Defendants published or

allowed publication of Plaintiffs' Images to promote and advertise the Club and its activities.

123. Although Defendants knew or should have known of the negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's Image for commercial benefit, Defendants retained the benefits of using such Plaintiff's Image without permission from or compensation to Plaintiffs.

124. Moreover, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

125. Defendant Ahdream's with respect to all Plaintiffs, and Defendant Holmes' with respect to Plaintiff Yemane, unauthorized use and alteration of such Plaintiff's Image has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of the Club, and by disparaging the nature of such Plaintiff's modeling work and services.

126. As a direct and proximate result of Defendants' actions, Defendants have damaged Plaintiffs by failing to compensate them for the value of the

misappropriated uses of such Plaintiff's Image and by associating them with the Club without any Plaintiff's consent.

127. As a direct and proximate result of the benefit all Plaintiffs conferred on Defendant Ahdream, and Plaintiff Yemane conferred on Defendant Holmes, Defendants have earned and continue to earn and withhold profits attributable directly or indirectly to the unlawful use of such Plaintiff's Image, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

128. Based on the foregoing, all Plaintiffs demand judgment against Defendant Ahdream, and Plaintiff Yemane demands judgment against Defendant Holmes, on their respective unjust enrichment equitable claims and entry of an order awarding Plaintiffs restitution, injunctive relief, equitable relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## VI. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendants on the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;
2. For the amount due, owing, and unpaid to Plaintiffs as actual damages in the amount of the fair market value compensation Plaintiffs would have

otherwise received for uses of each Plaintiff's Image in the Offending Advertisements;

3. For trebling of damages or statutory damages as permitted by law;

4. For prejudgment interest in an amount permitted by law;

5. For disgorgement of Defendants' profits;

6. For a permanent injunction barring Defendants' use of each Plaintiff's Image in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendants to direct removal of the advertisements containing any Plaintiff's Image from the Social Media Accounts or any other accounts over which a Defendant may exercise control;

7. For costs of this lawsuit;

8. For reasonable attorneys' fees; and

9. For all such other and further relief as proper and equitable.

## VII. JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Dated: October 27, 2026

Respectfully submitted,

s/ Edmund S. Aronowitz
Edmund S. Aronowitz

Attorney Bar Number: P81474 (MI) and
admitted E.D. Wis.
Attorney for Plaintiffs
ARONOWITZ LAW FIRM PLLC
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
Email: edmund@aronowitzlawfirm.com